UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CURTIS STEWART

VERSUS

MT. HAWLEY INSURANCE CO.

CIVIL ACTION

25-00513-SDD-SDJ

### RULING AND ORDER

This matter is before the Court on the Motion to Transfer Venue[1] filed by the defendant, Mt. Hawley Insurance Company (hereinafter, "Mt. Hawley" or "Defendant"). Curtis Stewart (hereinafter, "Stewart" or "Plaintiff"), opposes[2] the motion, and Defendant has replied.[3] For the following reasons, the Motion[4] is GRANTED.

### I. BACKGROUND

This suit arises out of an insurance claim Plaintiff filed after his property allegedly sustained damage on June 17, 2023.[5] Plaintiff owned commercial properties insured by Defendant pursuant to a surplus lines commercial insurance policy.[6] On May 8, 2025, after an unresolved insurance coverage dispute, Plaintiff filed suit against Mt. Hawley in the 19th Judicial District Court for the Parish of East Baton Rouge.[7] On June 13, 2025, Defendant removed Plaintiff's suit to the United States District Court for the Middle District

---

[1] Rec. Doc. 7.
[2] Rec. Doc. 8.
[3] Rec. Doc. 12.
[4] Rec. Doc. 7.
[5] Rec. Doc. 1-3, ¶ 7.
[6] *Id.* at ¶ 6; Rec. Doc. 7-3.
[7] Rec. Doc. 1-3, p.1.

of Louisiana[8] and now seeks transfer to the United States District Court for the Southern District of New York.[9]

## II. LAW AND ANALYSIS

The forum selection clause, invoked by Mt. Hawley for transfer of venue pursuant to 28 U.S.C. § 1404(a), reads as follows:

> **Jurisdiction and Venue**. It is agreed of any litigation involving any matter arising out of or related to this Policy, it is agreed that the "Insured" shall submit to the jurisdiction of New York state and New York federal courts, and shall comply with all the requirements necessary to give such courts jurisdiction. *Any litigation initiated by any "Insured" against the Company shall be brought only in the state or federal courts of New York*. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court in that state.[10]

In response to Mt. Hawley's invocation, Plaintiff, in essence, argues that (1) litigation against a surplus lines carrier must be initiated in Louisiana, (2) every surplus lines policy must include a provision choosing Louisiana as the venue for all lawsuits arising under the policy, and (3) the Mt. Hawley forum selection clause contravenes the public policy of Louisiana.[11]

The Court begins with the basic axiom that a valid forum selection clause is enforced through a motion for transfer of venue under 28 U.S.C. § 1404(a).[12] Section 1404(a), entitled Change of Venue, provides that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." While the usual § 1404(a) analysis

---

[8] Rec. Doc. 1.
[9] Rec. Doc. 7.
[10] Rec. Doc. 7-1, p. 2; Rec. Doc. 7-3, p. 85 (emphasis added).
[11] Rec. Doc. 8, pp. 2–3.
[12] *See Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013); *Brooks & Brooks Invs. LLC v. Mt. Hawley Ins. Co.*, No. 22-CV-03854, 2022 WL 17476969, at *1 (E.D. La. Dec. 6, 2022).

involves the weighing of certain private and public interest considerations, "[t]he calculus changes" in at least three ways when there is a valid forum selection clause: Plaintiff's choice of forum is given no weight, the Court must not consider arguments regarding private interest factors, and the original venue's choice of law rules do not apply.[13]

A court conducting a § 1404(a) analysis presupposes that a forum selection clause is contractually valid.[14] As the Supreme Court has explained, when the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the specified forum.[15] "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."[16] When the parties agree by contract to bring suit only in a specified forum, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed."[17]

Plaintiff's arguments regarding the validity and enforceability of this forum selection clause can be readily dismissed. First, Louisiana Revised Statutes 22:868(D) specifically allows forum and venue selection clauses in surplus lines property insurance policies.[18] Plaintiff's opposition neither acknowledges this statute nor provides any jurisprudence in support of his arguments. Second, in several cases like the one sub judice, nearly identical forum selection clauses have been upheld and enforced by numerous courts.[19]

---

[13] *Atlantic Marine*, 571 U.S. at 63–64; *Brooks & Brooks Invs. LLC*, 2022 WL 17476969, at *1.
[14] *Atlantic Marine*, 571 U.S. at 62 n.5.
[15] *Id.* at 62.
[16] *Id.*
[17] *Id.* at 63–64.
[18] *See also* La. R.S. 22:446(A) (surplus lines insurers are not required to seek the insurance commissioner's approval of their forms for property insurance).
[19] *See, e.g.*, *Spartan Directional, L.L.C. v. Mt. Hawley Ins. Co.*, No. 6:22-cv-2212, 2023 WL 2733494 (W.D. La. Jan. 18, 2023), *report and recommendation adopted*, 2023 WL 2728502 (W.D. La. Mar. 29, 2023) (regarding a surplus lines policy for drilling equipment); *Burk Holding Co. v. Mt. Hawley Ins. Co.*, No. 22-3505, 2023 WL 183898 (regarding a surplus lines policy in the wake of Hurricane Ida); *Brooks & Brooks*

Finally, Plaintiff's arguments rely on a tenuous interpretation of Louisiana Revised Statutes 22:442.[20] In *In re Mt. Hawley Insurance Company*, the district court was presented with an argument mirroring Stewart's proffered statutory interpretation and a forum selection clause nearly identical to the one in this case, and that court denied Mt. Hawley's motion to transfer venue.[21] Mt. Hawley then sought a writ of mandamus to enforce the clause.[22] Even though a writ of mandamus is an extraordinary remedy that can only issue when the right to relief is "clear and indisputable,"[23] the Fifth Circuit granted Mt. Hawley's petition for a writ of mandamus and ordered the district court to transfer the case to the Southern District of New York.[24] Significantly, the Fifth Circuit's mandate provided no opportunity for the district court to consider any of the factors typically weighed in conjunction with a § 1404(a) motion to transfer—the writ simply ordered the district court to vacate its prior order and to transfer the case.[25]

Considering this jurisprudence and the explicit language of Louisiana Revised Statutes 22:868(D), the Court finds that Louisiana law and policy expressly authorize out-of-state forum selection clauses in surplus lines property insurance policies. Thus, the forum selection clause at issue in this case does not run contrary to Louisiana law or public policy. Plaintiff makes no arguments about the public interest factors. Accordingly,

---

*Invs. LLC*, 2022 WL 17476969 (same); *William B. Coleman Co. v. Mt. Hawley Ins. Co.*, No. 22-1686, 2022 WL 2806438 (E.D. La. July 18, 2022) (same).
[20] *See Spartan Directional, L.L.C.*, 2023 WL 2733494, at *3 (noting the Fifth Circuit has not accepted this interpretation of La. R.S. 22:442) (citing *In re Mt. Hawley Ins. Co.*, No. 22-30111, 2022 WL 5360188 (5th Cir. Apr. 28, 2022)).
[21] *Brooks & Brooks Invs. LLC*, 2022 WL 17476969, at *2; *In re Mt. Hawley Ins. Co.*, 2022 WL 5360188.
[22] *In re Mt. Hawley Ins. Co.*, 2022 WL 5360188.
[23] *In re Drummond*, 886 F.3d 448, 449 (5th Cir. 2018) (citing *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008)).
[24] *In re Mt. Hawley Ins. Co.*, 2022 WL 5360188.
[25] *Id.*; *Brooks & Brooks Invs. LLC*, 2022 WL 17476969, at *2.

Plaintiff has not satisfied his burden to show why the Court should not transfer this case to the Southern District of New York.

Considering the foregoing, this Court finds that the forum selection clause here is valid and enforceable. Since Plaintiff has not identified any extraordinary circumstances as a basis for denying Defendant's motion to transfer venue, Defendant's motion must be granted as a matter of federal law.

## III. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that Defendant's *Motion to Transfer Venue*[26] is hereby GRANTED. This matter is TRANSFERRED to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED**.

Signed in Baton Rouge, Louisiana on December 4, 2025.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] Rec. Doc. 7.